# Alsop *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Charge as to evidence for consideration of jury.*—Under an indictment for carrying concealed weapons (Code, § 4109), the witnesses for the prosecution testifying that they saw the defendant with a pistol in his hand, presenting it at another person, but did not see how or whence he procured it, although they had been working with him for several hours; while the defendant himself stated to the jury that it was placed on a car which he was using, by a friend, who informed him of threats made by the person with whom he had the difficulty, and was picked up from the car at the moment; a charge requested, asserting that the jury, "in determining whether the defendant got the pistol from his person or elsewhere, can take into consideration his surroundings," is correct, and its refusal is error.

FROM the Circuit Court of Jefferson.
Tried before the Hon. S. H. SPROTT.

[Alsop v. The State.]

The defendant in this case, being on trial under an indict-
ment which charged him with carrying a pistol concealed about
his person, reserved a bill of exceptions as follows: "The
State introduced evidence which tended to show that, within
twelve months before the finding of the indictment, and in said
county, the defendant was seen by the witnesses with a pistol
in his hand, which he presented at a negro with whom he had
a difficulty at the time; that none of them saw where the
pistol came from, and they did not know whether the defend-
ant had taken it from about his person or not; that defendant
was then working at the *Alice Furnace*, where the witnesses
were also working; that they had been around and about him
for several hours, and had talked with him, but had seen no
pistol about him up to the time it was presented and fired; that
this was at night, but the light was bright enough for them to
see how to carry on their work, and to see an iron rod or pistol
several feet; that defendant had on no coat, but wore a short
jacket, which reached no lower than his waist, and had on his
pants; that several negroes, who were witnesses, were around
and about him, and there was a trestle also by him, and near
the parties quarreling, before and up to the time the pistol was
fired; that the pistol, when the witnesses first saw it, was in
the hand of the defendant, presented at a negro; and that the
defendant was standing near his cab, which was loaded with
ore, and which was about waist high. The defendant said, in
his statement to the jury, that he had the pistol lying on his
cab, and picked it up from his cab, and did not have it about
his person; and that a man came along by where he was at
work, and told him a certain negro was making threats against
him, and put the pistol on his cab for him. This being, in sub-
stance, all the testimony in the case, and also the substance of
the defendant's statement, the defendant asked the court, in
writing, to instruct the jury as follows: 'The jury can take
into consideration the surroundings of the defendant, in deter-
mining whether he got the pistol from his person or elsewhere.'
The court refused to give this charge, and the defendant
excepted to its refusal."

The name of the appellant's counsel, if any appeared in this
court, is nowhere shown by the record or docket.

T. N. McClellan, Attorney-General, for the State.

STONE, C. J.—In testing the credibility of narrations of
fact, it is, as a rule, permissible to consider the surroundings, or
attendant circumstances. Especially is this the case, when, as
on the present trial, there was no positive testimony of the main

[Russell v. The State.]

fact, but it was left to be inferred from proof of other facts. The charge asked should have been given.—Sackett, Instruction to Juries, 474–5.

Reversed and remanded. Let the defendant remain in custody, until discharged by due course of law.